[Cite as *In re Kreimer*, 2011-Ohio-4028.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263

www.cco.state.oh.us

IN RE: JACQUELINE R. KREIMER

JACQUELINE R. KREIMER

     Applicant

Case No. V2011-60328

Commissioners:
E. Joel Wesp, Presiding
Karl C. Kerschner
Necol Russell-Washington

ORDER OF A THREE
COMMISSIONER PANEL

---

{¶1}On March 5, 2007, the applicant, Jacqueline Kreimer, filed a compensation application as the result of an aggravated robbery which occurred on February 20, 2007. On April 27, 2007, the Attorney General issued a finding of fact and decision determining that the applicant had satisfied the necessary jurisdictional requirements to receive an award of reparations. However, all allowable medical expenses were recouped from Blue Cross/Blue Shield, a readily available collateral source. Applicant's claims for counseling expenses and evidence replacement loss were denied since the applicant failed to supply supporting documentation.

{¶2}On February 4, 2008, the applicant filed a supplemental compensation application. On June 3, 2008, the Attorney General issued a finding of fact and decision concerning the February 4, 2008 supplemental application. The applicant was granted a supplemental award in the amount of $550.52, for reimbursement of medical expenses. On March 23, 2011, the applicant submitted a request for reconsideration. The applicant asserted an expense incurred for services rendered by Qualified Emergency Specialists, Inc. had not been paid. On March 31, 2011, the Attorney

General rendered a Final Decision determining that the initial supplemental decision of March 11, 2011 would not be modified.

The Attorney General's investigation revealed that the expense incurred with Qualified Emergency Specialists, Inc. could have been reimbursed from Anthem Insurance Company, a readily available collateral source. On April 6, 2011, applicant filed a notice of appeal from the March 31, 2011 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on July 6, 2011 at 10:30 A.M.

{¶3}Assistant Attorney General Renata Staff appeared on behalf of the state of Ohio. The applicant did not attend the hearing.

{¶4}The Attorney General gave a brief statement for the panel's consideration. The Attorney General stated the applicant failed to utilize a readily available collateral source, her health insurance, which would have paid for the expense incurred with Qualified Emergency Specialists, Inc. The applicant failed to timely submit this expense, even though the Attorney General informed the applicant that she needed to submit the bill to her insurance carrier. When the applicant did submit the expense on March 25, 2011, over four years after the expense was incurred, she no longer had health insurance coverage. Therefore, the Attorney General urged that the panel affirm the Final Decision of the Attorney General. Whereupon, the hearing was concluded.

{¶5}R.C. 2743.51(B)(7) states:

"(B) 'Collateral source' means a source of benefits or advantages for economic loss otherwise reparable that the victim or claimant has received, or that is readily available to the victim or claimant, from any of the following sources:

"(7) Proceeds of a contract of insurance payable to the victim for loss that the victim sustained because of the criminally injurious conduct."

{¶6}R.C. 2743.60(D) in pertinent part states:

"(D) The attorney general, a panel of commissioners, or a judge of the court of claims shall reduce an award of reparations or deny a claim for an award of reparations that is otherwise payable to a claimant to the extent that the economic loss upon which the claim is based is recouped from other persons, including collateral sources."

{¶7}R.C. 2743.60(H) states:

"(H) If a claimant unreasonably fails to present a claim timely to a source of benefits or advantages that would have been a collateral source and that would have reimbursed the claimant for all or a portion of a particular expense, the attorney general, a panel of commissioners, or a judge of the court of claims may reduce an award of reparations or deny a claim for an award of reparations to the extent that it is reasonable to do so."

{¶8}The failure to submit expenses to a readily available collateral source creates a presumption that all expenses have been recouped. *In re Schoroepfer* (1983), 4 Ohio Misc. 2d 15.

{¶9}From review of the case file and upon full and careful consideration given to the statement of the Attorney General, we find the applicant failed to utilize a readily available collateral source, namely Anthem Blue Cross/Blue Shield. Not only had the applicant submitted other medical expenses which were incurred at the same time to

this insurance carrier, but she was informed by the Attorney General's office that she must submit the bill to her insurance carrier.   We find the applicant acted unreasonably in this regard and, accordingly, the Attorney General's March 31, 2011 decision must be affirmed.

IT IS THEREFORE ORDERED THAT

{¶10}1)   The March 31, 2011 decision of the Attorney General is AFFIRMED;

{¶11}2)   This claim is DENIED and judgment is rendered for the state of Ohio;

{¶12}3)   This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{¶13}4) Costs are assumed by the court of claims victims of crime fund.

_____
E. JOEL WESP
Presiding Commissioner

_____
KARL C. KERSCHNER
Commissioner

_____
NECOL RUSSELL-WASHINGTON
Commissioner

ID #I:\VICTIMS\2011\60328\V2011-60328 Kreimer.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Hamilton County Prosecuting Attorney and to:

Filed 8-5-11
Jr. Vol. 2279, Pgs. 189-193
Sent to S.C. Reporter 8-15-11